## UNITED STATES v. CAMPBELL.
### No. 185.

Circuit Court of Appeals, Second Circuit.
Jan. 19, 1931.

228

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y., W. Clifton Stone, Attorney, Department of Justice, of Washington, D. C., B. Fitch Tompkins, Asst. U. S. Atty., of Syracuse, N. Y.

Ralph L. Emmons, of Binghamton, N. Y., for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

Appellee was the beneficiary named in a policy of war risk insurance, in the sum of $10,000, placed upon the life of his brother, who died June 9, 1920. The insured failed to pay premiums on the policy for the months of April and May, 1920, but at the time of his death he had not received the $60 bonus provided by the Act of February 24, 1919 (chapter 18, § 1406, 40 Stat. 1151). Suit was instituted to recover the accrued installments from June 9, 1920, and interest on such installments at the rate of 5 per cent. from the time they became due. Section 309 of the World War Veterans' Act (added by the Act of July 2, 1926, c. 723, § 18, 44 Stat. 800 [U. S. Code, title 38, § 516b, 38 USCA § 516b]), provides:

"Where any person allowed his insurance to lapse and died after February 24, 1919, and prior to collecting the $60 bonus provided by the Act of February 24, 1919 * * * then and in that event his insurance shall not be considered as lapsed during such period as said uncollected bonus would, if applied to the payment of premiums when due, equal or exceed the same, and the United States Veterans' Bureau is hereby authorized and directed to pay to his beneficiaries under said policy the amount of said insurance, less the premiums and interest thereon at 5 per centum per annum, compounded annually, in installments, as provided by law."

The appellant contends that the provision for interest in this statute does not permit the payment of interest on installments as

they fell due. It admits the contract of insurance was in force at the time of the death of the insured. It contends that interest is to be charged only on defaulted premiums. This question was presented to the Sixth Circuit Court of Appeals in United States v. Woolen, 25 F.(2d) 673, 679, and that court, recognizing that the government does not pay interest unless fairly required by contract or statute to do so, held that interest was payable on the installments as they fell due. It construed the statute as reading:

"The amount of said insurance in installments, as provided by law, less the premiums, and interest thereon at 5 per centum per annum, compounded annually."

We agree with this construction of the statute, and the reasons there advanced are sufficient. Since no other question is presented on this appeal, the judgment is affirmed.